876 F.2d 89
 14 Fed.R.Serv.3d 557, RICO Bus.Disp.Guide 7250,
16 Media L. Rep. 2016
 Maurice F. McCARTHY, Jr., M.D., Nancy McCarthy, his wife, et
al., Plaintiffs-Appellees,
v.
BARNETT BANK OF POLK COUNTY, a Florida Bank, Barnett Banks,
Inc., a Florida corporation, Defendants-Appellees,
and
The Lakeland Ledger Publishing Corp., Movant-Appellant.
 No. 88-3615
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 June 27, 1989.
 
 Deborah R. Linfield, New York City, for movant-appellant.
 Peter E. Homer, Karen H. Curtis, Miami, Fla., Robert J. Winicki, Jacksonville, Fla., Robert E. Puterbaugh, Lakeland, Fla., Karl V. Hart, Orlando, Fla., John W. Campbell, Tampa, Fla., for appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before HILL, FAY and CLARK, Circuit Judges.
 CLARK, Circuit Judge:
 
 
 1
 This appeal is from the denial of the Lakeland Ledger Publishing Corporation's ("Lakeland Ledger") motion to intervene and oppose the institution of protective order in a civil suit. The district court denied the motion and we AFFIRM.
 
 I.
 
 2
 This appeal grew out of a suit filed in March 1988 by over 130 investors in SH Oil & Gas Exploration ("SH Oil") against Barnett Bank of Polk County and others for violations of federal securities laws and RICO. As part of its "sophisticated investor" defense, Barnett Bank has made the financial condition of each plaintiff an issue in the case. During depositions, Barnett has inquired into aspects of plaintiffs' financial transactions and business affairs wholly unrelated to SH Oil and Barnett. Additionally, both sides have requested discovery of documents dealing with confidential financial matters such as the individual tax returns and financial statements of the plaintiffs and the loan policies and manuals of Barnett Bank.
 
 
 3
 Discovery in this case has been acrimonious. Plaintiffs therefore filed on June 14, 1988, an emergency motion for protective order to prevent dissemination of confidential commercial or financial information. On June 22, 1988, U.S. Magistrate Thomas Wilson granted the emergency motion on a provisional basis and granted Barnett until June 28 to file a memorandum of law in opposition. After Barnett filed the memorandum, an emergency motion for protective order was filed on June 29, 1988 on behalf of non-parties Mason Wines and his professional corporation. This motion was similarly granted on a provisional basis.
 
 
 4
 On July 1, 1988, the Lakeland Ledger wrote a letter to Magistrate Wilson objecting to the protective order. On July 12, 1988, the Ledger filed a "Motion to Intervene and in Opposition to Plaintiff' Emergency Motion for a Protective Order" with the district court. Barnett filed a response before the Magistrate which raised the same concerns as raised by the Ledger. Prior to any response to appellant's papers by the plaintiffs, the district court entered an order denying the Ledger's motion on July 15, 1988. On July 22, 1988, after consideration of Barnett's opposing memoranda, the Magistrate made the protective order final with slight modification.[1] The appellant appeals from the district court's order dated July 15, 1988. We have jurisdiction under the "collateral order" doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In re Alexander Grant & Co. Litigation, 820 F.2d 352 (11th Cir.1987); Newman v. Graddick, 696 F.2d 796 (11th Cir.1983).
 
 II.
 
 5
 The protective order in this case was based on standards suggested in the Manual for Complex Litigation, Second, prepared by the Federal Judicial Center. It prevents the parties from using any confidential information obtained during discovery except as part of the litigation. The final order, however, does not affect the dissemination of information gathered by a party through sources other than discovery.[2] More specifically, the order allows the producing party to designate a document confidential unless the other party objects. At that point, the party asserting confidentiality is required to apply within fifteen days to the court for a ruling or concede the objection. The order also states that an individual cannot decline to answer a question at a deposition on the grounds of confidentiality. Instead, all depositions are considered confidential for fifteen days by which time the deponent is required to classify the portions of the deposition that are confidential as such.
 
 
 6
 The Lakeland Ledger argues that the protective order violates the "media's protected right to gather news." The caselaw reveals otherwise. This court has recently upheld a similar protective order in In re Alexander Grant & Co. Litigation, 820 F.2d 352 (11th Cir.1987). This court explained that an individual has no common law right to discovery material because those materials are not judicial records or public documents. Id. at 355. Furthermore, although individuals have a First Amendment right to access to discovery material, the right is limited by Rule 26(c) of the Federal Rules of Civil Procedure. Id. (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)). Rule 26(c)[3] allows the issuance of a protective order if "good cause" is shown. In addition to requiring good cause, this circuit has also required the district court to balance the interests of those requesting the order. Farnsworth v. Procter & Gamble, 758 F.2d 1545 (11th Cir.1985) (cited in In re Alexander Grant Litigation, 820 F.2d at 356). A "district court must articulate its reasons for granting a protective order sufficient for appellate review." In re Alexander Grant Litigation, 820 F.2d at 355. We review the district court's determination under an abuse of discretion standard. Id. at 357.
 
 
 7
 The appellant's brief argues only that the district court erroneously denied the appellant the right to intervene. The appellant argues that the motion to intervene should have been granted and the appellants should have been heard on the question of whether there was good cause for the protective order. Only in its reply brief does the appellant briefly address the merits of the order. We believe the appellant misconstrues the district court order. Although the order never explicitly grants the defendant's motion to intervene, it discusses the need for the protective order. Furthermore, the appellant's motion included argument on the intervention and the merits. In this context, it is clear that the district court considered and rejected appellant's arguments against the order.
 
 
 8
 We do note an irregularity in the timing of the district court order. The order denying the appellant's motion was filed seven days before the Magistrate modified and finalized the protective order. The appellant argues that the district court denied them their right to a hearing before the Magistrate to contest the protective order. Although it might have been the better practice for the district court to wait until the Magistrate's order was filed before denying the appellant's motion, we believe there was no prejudice from the actions in this case. First, we note that the district court order specifically refers to the Magistrate's order as modified which implies that the court had a copy of the order before it was filed. In addition, the appellants briefed the merits before the district court and Barnett Bank raised the same objections before the Magistrate.
 
 
 9
 Finally, we do not agree with the appellant that our cases entitle an intervenor to a hearing to contest the issuance of a protective order. Indeed even in cases in which a right of access to courts is at stake, our cases only require that "the issue ... be squarely confronted and those with various interests ... be given the opportunity to be heard." Newman v. Graddick, 696 F.2d at 802. As discussed above, this case does not involve a right of access to courts. In re Alexander Grant Litigation only requires the district court to articulate the reasons for granting a protective order sufficient for appellate review. In this case, the district court order stated that " '[t]he fear of adverse publicity, intimidation or other outside forces that could interfere with the free flow of information, most of which would not be admissible during the actual litigation stages of [the] case' is adequate justification for the entry of the Confidentiality Order in its present form as modified by Magistrate Wilson." (quoting In re Alexander Grant Litigation, 820 F.2d at 355-56). We believe this statement is sufficient for appellate review in this case.
 
 
 10
 Our review is limited to whether the issuance of the protective order is an abuse of discretion. In re Alexander Grant Litigation, 820 F.2d at 357. In that case, this court upheld a similar protective order. This court held:
 
 
 11
 in complex litigation where document-by-document review of discovery materials would be unpracticable, and when the parties consent to an umbrella order restricting access to sensitive information in order to encourage maximum participation in the discovery process, conserve judicial resources and prevent the abuses of annoyance, oppression and embarrassment, a district court may find good cause and issue a protective order pursuant to Rule 26(c).
 
 
 12
 820 F.2d at 357.
 
 
 13
 The appellant argues that this case is distinguishable from In re Alexander Grant Litigation because it does not involve complex litigation with thousands of documents and that the order is broader than in that case. The first argument is meritless since this case involves allegations of violations of federal security laws and RICO and discovery has delved into the financial affairs of 139 plaintiffs. As to the second point, it is true that the protective order is broader than in In re Alexander Grant Litigation. Although the procedure whereby the producing party designates the document confidential and the court is only involved if a party objects was specifically upheld in that case,[4] the protective order in this case adds a further twist by requiring all depositions to be deemed confidential for fifteen days. Appellant argues that there is no "good cause" for such a "gag" order. We find otherwise since the Magistrate explained that the fifteen days were required to allow the parties to determine whether to classify the deposition, or portions of it, as confidential. Although this portion of the order is broader than the order in In re Alexander Grant Litigation, in light of the Magistrate's explanation, we do not believe it overly broad.
 
 
 14
 We therefore find that the district court did not abuse its discretion in entering the protective order. The district court order is AFFIRMED.
 
 
 
 [1]
 The Magistrate modified the order so that it did not prevent dissemination of confidential material obtained through sources other than discovery
 
 
 [2]
 The final protective order was entered by the Magistrate on July 22, 1988. The district court order from which this appeal is taken is dated July 15, 1988 but it refers to the "Confidentiality Order as modified by Magistrate Wilson."
 
 
 [3]
 Rule 26(c) states in part:
 upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression ... (7) that a trade secret or other confidential research, development or commercial information not be disclosed or be disclosed only in a designated way....
 
 
 [4]
 Such an umbrella protective order has been upheld by other courts as well. See In re Alexander Grant Litigation, 820 F.2d at 356 (collecting cases)