19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard Duane SISK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6258.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: JONES, BOGGS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. He moves for leave to proceed in forma pauperis on the appeal. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a Fed.R.Crim.P. 11 plea agreement, Leonard Duane Sisk pleaded guilty to three counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d) and one count of use of a firearm in a crime of violence in violation of 18 U.S.C. Sec. 924(c). On October 31, 1991, he was sentenced to serve a total of 117 months of imprisonment, including a consecutive sentence of 60 months for the use of a firearm conviction. Sisk did not appeal his conviction or sentence.
 
 
 3
 On February 4, 1992, Sisk filed a Sec. 2255 motion to vacate his sentence in which he challenged the imposition of a consecutive rather than a concurrent sentence for the use of a firearm conviction. He also maintained that he was improperly sentenced under 18 U.S.C. Sec. 924(c) because the use of a firearm is an element of the offense of bank robbery. His motion was denied.
 
 
 4
 On April 22, 1993, Sisk filed a second motion to vacate sentence which is the subject of the present appeal. He alleged that he received ineffective assistance of counsel, that he was arrested without probable cause, that he was denied a prompt hearing on the issue of probable cause, that his confession was involuntary, that the district court judge improperly participated in the plea negotiations, and that he was sentenced on the basis of inaccurate information. The motion was summarily denied. Sisk's subsequent motion for reconsideration was also denied.
 
 
 5
 On appeal, Sisk argues that the district court erred by failing to make findings of fact or conclusions of law. He further complains that the district court's order was premature because it was entered prior to the issuance of a report and recommendation by the magistrate judge to whom the matter had been referred.
 
 
 6
 Upon review, we conclude that the district court's summary denial of Sisk's second motion to vacate was proper because the record conclusively shows that Sisk is not entitled to relief. See United States v. Counts, 691 F.2d 348, 349 (7th Cir.1982) (per curiam). Review of his claims is barred because he has not alleged cause for and prejudice from his failure to present his claims in his prior motion, nor has he made a colorable showing of factual innocence to excuse him from this requirement. See McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 1470-71 (1991); Sanders v. United States, 373 U.S. 1, 15 (1963).
 
 
 7
 Additionally, the district court did not abuse its discretion by ruling on the motion to vacate sentence prior to the issuance of a written report and recommendation by the magistrate judge. See McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 91 (11th Cir.1989). The magistrate judge's authority is subject to inherent supervisory powers of the district court which retains the ultimate responsibility for decision making. Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co., 879 F.2d 809, 811 (10th Cir.1989).
 
 
 8
 Accordingly, the motion for pauper status is granted for the limited purpose of disposing of this appeal, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.