BLACK, Circuit Judge, specially
concurring:
I concur fully in the Court's holding regarding the press's rights under the *1316 Constitution, the common law,[1] and Fed. R.Civ.P. 26(c). I write separately to express my concern about third parties— who have no cause of action before the court> — using the discovery process as a means to unearth documents to which they otherwise would have no right to inspect and copy.
This Court has previously commented:
Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.
If it were otherwise and discovery information and discovery orders were readily available to the public and the press, the consequences to the smooth functioning of the discovery process would be severe. Not only would voluntary discovery be chilled, but whatever discovery and court encouragement that would take place would be oral, which is undesirable to the extent that it creates misunderstanding and surprise for the litigants and the trial judge.
United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir.1986) (citation omitted) (emphasis added). Simply stated, the purpose of discovery is to resolve legal disputes between parties, not to provide newsworthy material.
To facilitate prompt discovery and the timely resolution of disputes, this Court has upheld the use of umbrella protective orders similar to the one used in this case. See, e.g., McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 91 (11th Cir.1989); In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir.1987). In these cases, we did not permit the media to challenge each and every document protected by the umbrella order. See McCarthy, 876 F.2d at 92; Alexander Grant, 820 F.2d at 356. Instead, the media was permitted only to challenge the umbrella order as being too broad, based on a variety of factors.[2] See id. (listing four factors). We have restricted the scope of the media’s challenge because a document-by-document approach would not only burden the trial court, but, more importantly, it would interfere with the free flow of information during discovery.[3] See id. at 355-56. Such interference by parties who have no interest in the underlying litigation could seriously impair an Article III court from carrying out its core function — resolving cases and controversies. See Brown v. Advantage Eng’g, Inc., 960 F.2d 1013, 1017 *1317 (11th Cir.1992) (Edmondson, J., dissenting).[4]
In light of the strong interest in having unimpeded discovery, third parties may be barred from accessing documents even when the documents are not protected by a privilege (like the trade-secret privilege), as long as the umbrella order itself meets the good cause requirement. See McCarthy, 876 F.2d at 91-92; Alexander Grant, 820 F.2d at 355-57. Here, however, the Court concludes that “trade secret status is the only basis Firestone provides for nondisclosure.... ” Opinion at 1314. Therefore, absent a showing that the challenged documents are trade secrets, “good cause does not support the [umbrella] order, and the documents may be unsealed.” Id. (footnote omitted). In some future case, however, a party may argue that, although the individual documents fail to qualify as privileged material, they nonetheless should be sealed because the umbrella order is necessary to facilitate the free flow of information and thus satisfies the good cause requirement. Since the Court has concluded that Firestone has not adequately preserved this argument, I concur in its holding.

. I concur in the Court’s holding with respect to the common-law right because the Court does not address whether Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir.1985), and Brown v. Advantage Eng’g, Inc., 960 F.2d 1013 (11th Cir.1992), conflict with prior precedent. See Opinion at 1312 n. 8; Belo Broad. Corp. v. Clark, 654 F.2d 423, 432-34 (5th Cir. Unit A 1981); Newman v. Graddick, 696 F.2d 796, 802-03 (11th Cir.1983).

. One factor is the "severity and the likelihood of the perceived harm.” Alexander Grant, 820 F.2d at 356. A claim of trade secret privilege is an example of this factor. Where the parties seek an umbrella order to protect trade secrets, the district court may need to examine the documents to ascertain the likelihood of the perceived harm (that is, the likelihood that trade secrets would be disclosed without an umbrella order).

. In this case, the litigation has ceased, and therefore the press is not disrupting an active discovery proceeding. Nonetheless, the free flow of information will cease if parties resist entering umbrella orders because they fear such orders could be subject to document-by-document, post-judgment attacks.

. See supra note 1.