CORCEL CORPORATION,
INC., Plaintiff,

v.

FERGUSON ENTERPRISES, INC., Line–
Tec, Inc. and AKA Services, Inc.,
Defendants.

Civil No. 12–80896–CIV–
Marra/Matthewman.

United States District Court,
S.D. Florida.

June 20, 2013.

Anya Cintron Stern, Ricardo R. Corona, The Corona Law Firm, Miami, FL, for Plaintiff.

William Newton Shepherd, Alison K. Brown, Holland & Knight LLP, Leonard Scott Feuer, Leonard Feuer, P.A., West Palm Beach, FL, James Alexander Stepan, Omar Kenyatta Bradford, Genovese Joblove & Battista, P.A., Miami, FL, for Defendants.

### ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF CONFIDENTIALITY ORDER [DE 88]

WILLIAM MATTHEWMAN, United States Magistrate Judge.

THIS CAUSE is before the Court upon Defendant, AKA Services, Inc.'s ("AKA") Motion for Entry of Confidentiality Order [DE 88], which Defendants, Ferguson Enterprises, Inc. ("Ferguson") and Line–Tec, Inc. ("Line–Tec") have adopted [DEs 102, 103]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra upon an Order referring all discovery to the undersigned for final disposition. *See* DE 63. Plaintiff, Corcel Corporation, Inc. ("Corcel"), has filed a response [DE 109], and AKA has filed a reply [DE 136]. The Court held a hearing on the motion on June 13, 2013. The matter is now ripe for review and disposition.

In its Motion, AKA asserts that certain documents that have been formally requested

by Corcel involve information related to purchases, materials, other orders, and pricing, which information needs to be protected because it allows AKA to submit competitive bids. [DE 88.] AKA explains that it is willing to produce certain documents that involve trade secrets and commercial information so long as a confidentiality order is entered. *Id.* In support of its Motion, AKA has also filed declarations of Tom Richardson in order to demonstrate good cause. [DEs 88–9, 136–1.]

In its response, Corcel contends that AKA is not entitled to a confidentiality order because it has failed to establish the statutory elements of trade-secret protection and because the documents are at the heart of a case sounding in fraud. [DE 109.] Corcel asserts that AKA has failed to show good cause because it has failed, pursuant to Florida Statute 688.002(4), which defines trade secrets, to (1) actually establish that the information has independent economic value as a consequence of not being generally known or ascertainable and (2) actually demonstrate that it has taken reasonable steps to keep the information secret. *Id.* Corcel explains that the parties are not competitors and that the requested documents are not current, so the need for trade secret protection is greatly diminished. *Id.* Finally, Corcel states that the information sought is relevant and necessary to the action and that the Court must balance Corcel's need for information against AKA's claim of injury resulting from disclosure. *Id.*

In its reply, AKA asserts that it has shown good cause for the entry of a confidentiality order based on Tom Richardson's declarations [DE 136]. AKA contends that, without the entry of a confidentiality order, AKA and the other defendants would have to assert privilege by withholding documents, and long hearings would ensue during which the Court would have to determine document-by-document whether the materials are privileged. *Id.* AKA explains that it only has to make a threshold showing of the need for a confidentiality order at this juncture and is not required to prove that every document is a

trade secret beyond doubt. *Id.* Moreover, AKA argues that Florida Statute 688.002(4) is irrelevant because Federal Rule of Civil Procedure 26 permits a court to enter a protective order not only based on the existence of trade secrets, but also if commercial information is involved. *Id.* Finally, AKA contends that it is not seeking to avoid disclosure, but rather seeks to produce the requested documents under the protection of a confidentiality order. *Id.*

█ Pursuant to Federal Rule of Civil Procedure 26(C)(1)(G), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." The Eleventh Circuit has created a four factor test to determine if good cause exists. *See In re Alexander Grant & Co. Litigation,* 820 F.2d 352 (11th Cir.1987). The four factors include the following: "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Id.* at 356. Additionally, the Eleventh Circuit has "superimposed a 'balancing of interests' approach to Rule 26(c)." *Id.* (citing *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir. 1985)). The burden of persuasion is on the party moving for a protective order. *See Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1122 (3rd Cir.1986).

█ The Court finds that AKA has met its burden of establishing good cause for the entry of a confidentiality order. AKA has demonstrated that it would likely suffer economic harm if certain documents involving trade secrets or commercial information entered the public realm since Corcel, businesses linked to Corcel, and other non-party businesses would be able to emulate AKA's bidding process and win bids over AKA. AKA has also shown that a less onerous alternative is unavailable given the factual

circumstances of this case. With regard to the second factor, the Court has directed the parties to confer and submit a more narrowly drawn order, and the Court will ensure that a narrow confidentiality order is entered. As to the duration of the confidentiality order, in order to protect the confidential documents, the order must survive final termination of the case. The Court has also balanced the interests of the parties in considering whether to enter a confidentiality order in this case.

Upon review of the Motion, Response, and Reply, the case law, the parties' argument at the hearing, and the entire file in this case, and as stated in open court, it is hereby **ORDERED** as follows:

1. Defendant, AKA Services, Inc.'s Motion for Entry of Confidentiality [DE 88], which has been adopted by Defendants Ferguson and Line–Tec, is **GRANTED;**

2. The parties have conferred and filed proposed confidentiality orders as requested by the Court. The Court will review the parties' submissions and enter a confidentiality order by separate Order; and

3. The Court instructs the parties to be cautious with their designation of documents, especially the attorney's eyes only designation of documents.

**DONE AND ORDERED.**