**Patricia GUNSON, on Behalf of Herself and All Others Similarly Situated, Plaintiff,**

v.

**BMO HARRIS BANK, N.A., First Premier Bank, a South Dakota State–Chartered Bank Missouri Bank and Trust, a Missouri State–Chartered Bank, Four Oaks Bank & Trust Co., a North Carolina Chartered Bank, and Mutual of Omaha Bank, Defendants.**

**No. 13–62321–CIV.**

United States District Court, S.D. Florida, Fort Lauderdale Division.

Signed May 16, 2014.

582

Darren T. Kaplan, Chitwood Harley Harnes, LLP, Atlanta, GA, Hassan A. Zavareei, Tycko & Zavarreel, LLP, Washington, DC, Jeffrey Miles Ostrow, Jason Henry Alperstein, The Kopelowitz & Ostrow Firm PA, Fort Lauderdale, FL, John Austin Moore, Stueve Siegel Hanson, LLP, Kansas City, MO, for Plaintiff.

Aaron Stenzler Weiss, Carlton Fields, Brian Michael Torres, Sheftall & Torres, P.A., Miami, FL, Debra Bogo–Ernst, Lucia Nale, Mayer Brown LLP, Chicago, IL, Kevin Ranlett, Mayer Brown, LLP, Washington, DC, Bryan R. Freeman, James P. McCarthy, John C. Ekman, Lindquist & Vennum, Minneapolis, MN, Marc Jonathan Gottlieb, Akerman Senterfitt & Eidson, Fort Lauderdale, FL, Ashley N. Gillard, Robert M. Thompson, Bryan Cave LLP, Kansas City, MO, Michael P. Carey, William Bard Brockman, Bryan Cave LLP, Christopher J. Willis, Ross Speier, Stefanie H. Jackman, Ballard, Spahr, Atlanta, GA, Carl N. Patterson, Jr., Clifton L. Brinson, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP, Raleigh, NC, Susan L. Lewis, Mutual of Omaha Bank, Omaha, NE, Wendy Lynn Furman, Pett Furman PL, Boca Raton, FL, for Defendants.

## ORDER ON DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER

ALICIA O. VALLE, United States Magistrate Judge.

THIS MATTER is before the Court on Defendants' Joint Motion for Protective Order ("Motion") (ECF No. 120). The Motion has been referred to the undersigned for disposition by United States District Judge Robert N. Scola, Jr. *See* (ECF No. 4). Having considered the Motion, Plaintiff's Response (ECF No. 121), Defendants' Reply (ECF No. 127), Plaintiff's Sur–Reply (ECF No. 132), and the record, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART.**[1]

### I. BACKGROUND AND INSTANT MOTION

This is a class action lawsuit brought by Plaintiff and all those similarly situated alleging that Defendants have participated in a scheme to collect on "payday loans" in violation of numerous state laws, including Florida laws. (ECF No. 1 at 2). In their Motion, Defendants request that the Court enter a protective order that allows a party to designate information produced in discovery as "confidential." The order would further require that any information designated confidential be used only for the purpose of this action and not be disclosed to third parties, except under certain conditions listed in the order. *See* (ECF No. 120 at 2). Defendants argue that a protective order is necessary because Plaintiff has requested documents pursuant to Rule 34 of the Federal Rules of Civil Procedure seeking Defendants' proprietary business information and confidential customer information. *Id.*

Although Plaintiff does not object to the issuance of a confidentiality order per se, she objects to two conditions in Defendants' proposed confidentiality order. *See* (ECF No. 121 at 2). First, Plaintiff objects to the limitation that confidential information be used only in the instant action. *Id.* at 2–4. Second, Plaintiff objects to the method of

---

1. Nothing in this Order should be construed to address Defendants' pending motions to stay the

instant case or compel arbitration. *See* (ECF Nos. 45, 71, 72, 76).

challenging a confidentiality designation, arguing that it should be the designating party, not the objecting party, that bears the burden of bringing a dispute over confidentiality to the Court's attention. *Id.* at 4.

## II. *LEGAL ANALYSIS*

Federal Rule of Civil Procedure 26(c)(1) provides, in pertinent part:

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) [F]orbidding the disclosure of discovery;

\* \* \*

(G) [R]equiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

■ The Eleventh Circuit has created a four factor test to determine whether good cause exists for the issuance of a protective order, which includes: (1) the severity and the likelihood of the perceived harm; (2) the precision with which the order is drawn; (3) the availability of a less onerous alternative; and (4) the duration of the order. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir.1987); *see also Corcel Corp. v. Ferguson Enterprises, Inc.*, 291 F.R.D. 680, 681 (S.D.Fla.2013) (Matthewman, Mag. J.) (determining that good cause existed to issue protective order where party demonstrated it would likely suffer economic harm if documents involving trade secrets or commercial information entered the public realm). In considering these factors, the burden of persuasion is on the party moving for a protective order. *Corcel Corp.*, 291 F.R.D. at 681. If these factors are met, the Eleventh Circuit permits the issuance of protective orders, noting that they can "expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material deemed

worthy of protection." *Alexander Grant*, 820 F.2d at 356.

■ The Court finds that Defendants have made the requisite showing of good cause for the entry of a confidentiality order. A review of the document requests confirms that Plaintiff has requested information seeking internal audits of the Defendants, risk assessments, details regarding electronic payment transactions with third parties, nonpublic communications between Defendants and regulatory authorities, and confidential customer information. *See* (ECF Nos. 120–2; 120–8). Similarly, the Court finds that the issuance of a protective order will promote the prompt resolution of disputes regarding confidentiality and assist in the flow of discovery should the Court deny Defendants' request to dismiss the instant action or to stay the litigation. Moreover, Plaintiff has failed to specify how the issuance of a protective order allowing documents to be marked confidential will harm her.

Having found good cause to issue a protective order, the Court will now address Plaintiff's two objections regarding the scope of the order.

### i) The Non–Sharing Provision

Plaintiff objects to any language in the protective order requiring that documents produced and marked confidential be used solely in this litigation. *See* (ECF No. 121 at 4). Plaintiff's counsel argues that it would be inefficient to limit the use of such documents to this litigation when litigation filed in other out-of-state lawsuits advance similar claims against the same Defendants. *Id.* Plaintiff cites to cases where courts have rejected non-sharing provisions. *See Charter Oak Fire Ins. Co. v. Electrolux Home Products, Inc.*, 287 F.R.D. 130, 134 (E.D.N.Y.2012) (permitting sharing of discovery for other related product liability litigation against dryer manufacturer for substantially similar cases concerning same dryer defect); *Moore v. Lender Processing Servs., Inc.*, 3:12–CV–205–J–99TJC, 2012 WL 4953127, at \*3 (M.D.Fla. Oct. 17, 2012) (permitting attorney to share documents with another attorney, whom he contended already had possession of the documents).

■ The Court disagrees with Plaintiff's position. First, Defendants have filed various motions to dismiss the instant action and compel arbitration, or to stay the litigation. *See* (ECF Nos. 45, 71, 72, 76). These motions remain pending. Defendants assert, and Plaintiff does not contest, that other district courts have stayed the litigation, effectively denying Plaintiff's counsel the ability to take discovery against Defendants in those proceedings. *See* (ECF No. 120 at 2). The Court will not permit the instant proceeding to be used as a back door to obtain discovery for use in other proceedings in which discovery has been stayed.

Second, Plaintiff has made no showing that documents relevant to the instant proceeding are relevant to the out-of-district proceedings. *See Long v. TRW Vehicle Safety Sys.*, No. CV–09–2209–PHX, 2010 WL 1740831, at *1 (D.Ariz. Apr. 29, 2010) ("[A] collateral litigant ... should not be granted automatic access to a defendant's confidential documents [without demonstrating] the relevance of the protected discovery to the collateral proceedings and its general discoverability therein."). In *Long*, the district court denied the plaintiff's request for a sharing discovery order, finding that the plaintiff failed to demonstrate the relevance of documents in that action to the collateral litigation. The court noted that the relevance requirement "prevents collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir.2003)); *see also McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 90 (11th Cir.1989) (affirming protective order "that prevents the parties from using any confidential information obtained during discovery except as part of the litigation" where district court properly articulated its reasons for granting the protective order); *Steede v. Gen. Motors, LLC*, 11–2351–STA, 2012 WL 2089761, at *4 (W.D.Tenn. June 8, 2012) (affirming order to include nonsharing provision in confidentiality order where plaintiff failed to show how the restriction might prejudice her ability to obtain discovery in support of her own claims).

Plaintiff has not satisfied the Court that documents to be produced in the instant case are relevant to the out-of-district proceedings. In fact, in her opposition to Defendant BMO Harris Bank's motion to transfer venue, Plaintiff argues just the opposite. In that filing, Plaintiff argues at length that the instant proceeding has "meaningful differences" from a separate action against the Defendants currently pending in New York. (ECF No. 99 at 3). Indeed, Plaintiff claimed that the instant proceeding is different from other pending lawsuits because the instant case concerns Florida consumers and the alleged violation of Florida consumer protection statutes. *Id.* Plaintiff cannot have it both ways. Thus, Plaintiff has not shown how documents produced in the Florida action will be relevant to the out-of-district cases.[2]

The Court has weighed the interests of Defendants in seeking a non-sharing protective order against those of Plaintiff in opposition. *See McCarthy*, 876 F.2d at 91. The Court determines that Defendants' interests to protect confidential, proprietary documents and confine their use to this litigation outweigh Plaintiff's effort to obtain discovery that could be used for other plaintiffs in other out-of-state proceedings where discovery is currently stayed. Accordingly, the Court determines that good cause exists to issue a protective order limiting documents marked confidential to the instant litigation.

### ii) Challenging a Designation of Confidentiality

■ The Court agrees with Defendants that the party challenging any designation of "confidential" must timely file a motion with

---

**2.** The eight other cases listed by Plaintiff's counsel against the Defendants are: *Moss v. BMO Harris Bank, N.A.*, Case No. 13–cv–5438 (E.D.N.Y.); *Graham v. BMO Harris Bank, N.A.*, Case No. 13–cv–1460 (D.Conn.); *Parm v. BMO Harris Bank, N.A.*, Case No. 13–CV–3326–JEC (N.D.Ga.); *Dillon v. BMO Harris Bank, N.A.*, Case No. 13–cv–897 (M.D.N.C.); *Booth v. BMO Harris Bank, N.A.*, Case No. 13–cv–5968 (E.D.Pa.); *Elder v. BMO Harris Bank, N.A.*, Case No. 13–cv–3043 (D.Md.); *Achey v. BMO Harris Bank, N.A.*, Case No. 13–cv–7675 (N.D.Ill.); *Riley v. BMO Harris Bank, N.A.*, Case No. 13–cv–1677 (D.D.C.).

the Court outlining its challenge.[3] As permitted by the Eleventh Circuit and outlined in the Manual for Complex Litigation, this will allow the designating party "to temporarily enjoy the protection of Rule 26(c) making [the designating party's] documents presumptively confidential until challenged." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1307–08 (11th Cir.2001); *see also* The Manual for Complex Litigation (Third) § 21.432 (1995) (noting that "[u]mbrella orders provide that all assertedly confidential material disclosed ... is presumptively protected unless challenged. The orders are made without a particularized showing to support the claim for protection, but such a showing must be made whenever a claim under an order is challenged."). Importantly, despite the objecting party's initial obligation to raise a motion, the burden will remain on the designating party to establish the propriety of its confidential designation. In her Sur–Reply, Plaintiff is concerned over the risk of over-designation by the Defendants. *See* (ECF No. 132 at 2). Such action would, of course, result in the filing of a motion before the Court to challenge Defendants' designation if such designation exceeds the scope of the protective order.

### III. *CONCLUSION*

The Court determines that Defendants have established good cause for the issuance of a protective order in this case. Therefore, Defendants' Motion (ECF No. 120) is **GRANTED IN PART.** Moreover, Plaintiff's Motion requesting Oral Argument is **DENIED** (ECF No. 130). The Court has considered both Plaintiff and Defendants' proposed orders and will enter a narrowly drawn Order mirroring the above-listed principles.

**DONE AND ORDERED.**

---

3. Prior to any such motion, the parties are reminded of their meet and confer obligations under Southern District of Florida Local Rule 7.1(a)(3).